LEVY PHILLIPS & KONIGSBERG, LLP
ATTORNEYS AT LAW
800 THIRD AVENUE
NEW YORK, N. Y. 10022

(212) 605-6200
FAX: (212) 605-6290
E-MAIL: slevy@lpklaw.com

STANLEY J. LEVY
(212) 605-6210

September 3, 2008

<u>Via Hand Delivery</u>
Judge William H. Pauley III
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2210, Courtroom 11D
New York, NY 10007

    Re:    *V&R Fine Art, Inc. v.*
            *One Oil Canvas Painting Entitled "Brickyard Shed," by Arthur Dove, et al.,*
           <u>Civ. A. No. 08-5031</u>

Dear Justice Pauley,

    Enclosed please find Plaintiff's Discovery Submission Pursuant to Rule 26(f).

    Unfortunately, despite conferring, the parties were unable to agree on a joint submission. Plaintiff's counsel has reached out to Mr. Brooks, who represents the Defendants pro se, on multiple occasions. When we spoke with Mr. Brooks on September 2nd, he indicated, in general terms, that he would not agree to Plaintiff's proposed plan and offered no specific alterations or suggestions.

    Wishing to comply with Your Honor's order and avoid further delay, we hereby submit Plaintiff's attached proposal.

                                             Respectfully submitted,
                                             LEVY PHILLIPS & KONIGSBERG, LLP

                                             Stanley J. Levy

SJL/ab
cc:     Peter Brooks

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
V & R FINE ART, INC.,

               Plaintiff,

-against-

ONE OIL ON CANVAS PAINTING ENTITLED
"BRICKYARD SHED," BY ARTHUR DOVE,

               and

PETER STIMSON BROOKS,
THE ESTATE OF INEZ BROOKS, a.k.a. THE
ESTATE OF INEZ SEIBERT, a.k.a. THE ESTATE OF
INEZ SEIBERT BROOKS,
THE HELEN SEIBERT FOUNDATION,

               Defendants.
------------------------------------X

Civ. A. No.: 08-CIV-5031(WHP)

**PLAINTIFF'S DISCOVERY SUBMISSION PURSUANT TO RULE 26(f)**

<u>CONFERENCE DATE</u>:
SEPTEMBER 10, 2008

      Pursuant to the Court's Order For Initial Pre-Trial Conference, dated August 5, 2008, Plaintiff V&R Fine Art, Inc., by and through its undersigned counsel, Levy Phillips & Konigsberg, LLP, respectfully submit this Discovery Report in advance of the conference originally scheduled for August 29, 2008 at 10:15AM, and rescheduled at Defendant's request to September 10, 2008.

      Counsel for the Plaintiff and *pro se* representative for the Defendants, Peter Stimson Brooks, have conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure to create a proposed discovery plan and consider the possibility of settlement or resolution of this case. However, the parties were unable to agree on a proposed discovery plan by September 3, 2008.

1.    *Summary of Plaintiff's Case*

      Plaintiff, V&R Fine Art, Inc., (hereinafter "Plaintiff"), brought this action *in rem* and pursuant to 28 U.S.C. §1655 to clear the title and declare that Plaintiff is the sole owner of the

painting, *Brickyard Shed*, an oil on canvas painting by Arthur G. Dove. In 2004, Plaintiff V&R Fine Art, Inc. purchased the painting from the Alexandre Gallery in New York City for the sum of $833,000.00.

*Brickyard Shed* was previously owned by Charles Van Wyck Brooks, the father of Defendant Peter Stimson Brooks. In 1978, Charles Brooks consigned the painting to the Terry Dintenfass Gallery for sale. William Janss, a well-known art collector purchased the painting in 1978 through the Dintenfass Gallery and, until it was sold to V&R Fine Art, Inc. in 2004, the painting was owned by Mr. and Mrs. William C. Janss and/or the Glenn C. Janss Charitable Remainder Trust. There is no record of Defendant Peter Brooks' mother, Inez Brooks, a/k/a Helen Seibert, ever owning the painting.

In addition, *Brickyard Shed*'s provenance or ownership history has been publically documented since at least 1984. The Janss' ownership of *Brickyard Shed* has been a matter of open and public record at least since the date of its publication in the 1984 Arthur Dove Catalogue Raisonne`. Further, the Terry Dintenfass Gallery in New York held a public show of Arthur Dove works from November 3rd to December 29th 1984. At the Dove Show, Mrs. William Janss of Sun Valley, Idaho was listed as the owner of *Brickyard Shed*.

On or about February 2008, Plaintiff offered *Brickyard Shed* for sale through the Parrish Reinish Gallery. Until that time, Plaintiff enjoyed good title to the painting and all the rights of sole ownership. Shortly thereafter, and nearly 24 years after *Brickyard Shed* appeared in the Dove Catalogue and Shows, Peter Stimson Brooks individually and as alleged representation of the Inez Brooks Estate and the Helen Seibert Foundation asserted a claim to *Brickyard Shed* by and through the letters he wrote to the proprietor of the Parrish Reinish Gallery. Mr. Brooks assertion of

entitlement has now caused there to be a cloud upon the title to *Brickyard Shed* and Plaintiff has been unable to sell this otherwise significantly valuable painting.

Nevertheless, even assuming arguendo that Defendants had rights to *Brickyard Shed*, any rights they may have had were waived in Probate proceedings connected to the settlement of Charles Van Wyck Brooks' estate. Marin County Probate Court records connected to the settlement of the Estate of Charles Van Wyck Brooks (Defendant's father), establish that Defendant Peter Brooks was disinherited by his father and thereafter brought an action against the Estate of Charles Van Wyck Brooks to recover his intestacy share. The estate matter settled with Defendant Peter Brooks signing an agreement whereby he relinquished all of his rights and the rights of the Estate of Inez Seibert, to the beach house and anything else he could have been entitled to in the Charles Van Wyck Brooks Estate. Defendant relinquished these rights, in exchange for valuable consideration including $200,000.00 and certain defined personal property including three specifically identified Arthur Dove paintings. *Brickyard Shed* was not one of the paintings identified.

2. *Procedural Background*

On June 2, 2008 Plaintiff filed the Complaint in the matter. The Complaint was personally served on Defendants Peter Stimson Brooks, The Estate of Inez Brooks, and The Helen Seibert Foundation (the "named Defendants") on June 28, 2008. As the Executor and/or Special Administrator of the Estate of Inez Brooks and the Officer of the Helen Seibert Foundation, Peter Stimson Brooks was authorized to and did accept service on behalf of those entities. Defendants were properly served pursuant to Fed. R. Civ. P. 4 and have raised no objections concerning sufficiency of service of process or this Court's jurisdiction.

To date Defendants have made two "responses" to Plaintiff's Complaint: (1) On or about July 18, 2008, Peter Stimson Brooks, on behalf of the named Defendants, served a "Motion to Compel And For Declaratory Relief Dancing and Brickyard Shed - Arthur G. Dove" ("Defendant's Motion"); and (2) on or about August 8, 2008, Peter Stimson Brooks, on behalf of the named Defendants, served "Defendant's Response For Declaratory Relief Dancing and Brickyard Shed - Arthur G. Dove," ("Defendant's Response").

Neither Defendant's Motion nor Defendant's Response comply with the requirements of Fed. R. Civ. P. 8(b). In addition, neither document was filed with the Clerk of Court or docketed. Therefore, to date Defendants have failed to answer the Complaint and are currently in default.

3. *Entry of Default Judgment for Defendants' Failure to Properly Respond To The Complaint*

It is Plaintiff's position that Defendants should be made to file an answer that is compliant that fully complies with Rule 8(b) within ten (10) days from the date of the Pre Trial Conference or by **September 22, 2008.** The Answer filed by Defendants must respond to Plaintiff's Complaint in a manner which is compliant with the Federal Rules of Civil Procedure. Specifically, Defendants must respond to each numbered paragraph in the Complaint in accordance with Fed. R. Civ. P. 8. Should Defendants fail to properly respond by said date, pursuant to Fed. R. Civ. P. 55(b)(2) this Court shall enter a default judgment in Plaintiff's favor in the above matter and declare that Plaintiff has clear title to the painting.

4. *Discovery Plan*

Although Plaintiff has attached documents proving ownership to its complaint, there has been no formal discovery issued in this case to date. Plaintiff proposes the following discovery plan,

which is subject to modification either by the written consent of the parties or judicial approval:

      a.      The parties should exchange Rule 26(a)(1)(A) Initial Disclosures within 14 days of Defendants filing an Answer which complies with Fed. R. Civ. P. 8.

      b.      Plaintiff anticipates propounding written discovery, including document requests, interrogatories and requests for admissions, as well as some limited deposition discovery. It may also be necessary for Plaintiff to take some limited third party discovery, including the issuance of subpoenae duces tecum.

      c.      As stated, Plaintiff has already attached to the Complaint certain documents which establish that it owns *Brickyard Shed*. Defendants have so far failed to produced any documentary evidence, court orders, or records which support their claim that they have any valid legal entitlement to the painting despite numerous requests by Plaintiff.

      d.      Defendants should be ordered to produce the following on or before **September 22, 2008**:

           i.      Any and all documents purporting to establish that Helen Seibert Brooks purchased *Brickyard Shed*;

           ii.      Any and all documents purporting to establish that Helen Seibert Brooks owned *Brickyard Shed*;

           iii.      Any and all documents, including court orders, establishing Peter Stimson Brooks' authority as the executor and/or administrator of the Estate of Helen Seibert Brooks;

           iv.      Any and all documents which identify the legal status, registration, or certification of the Helen Seibert Foundation;

    v.  Any and all documents, including court orders, establishing that Charles Van Wyck Brooks and Helen Seibert Brooks divorced;

    vi.  Any and all documents, including court orders, related to Helen Seibert Brooks being declared incompetent and/or a ward of the State of New York;

    vii.  Any and all documents demonstrating or relating to an appraisal that was done on behalf of Defendants to determine the value of *Brickyard Shed*;

    viii.  Any document filed by any Defendant with any agency asserting that the Defendants owned or have rights to *Brickyard Shed* and/or that *Brickyard Shed* was stolen or misappropriated;

    ix.  A copy of the "biographical tape" taken by Defendant Peter Brooks of his father Charles Van Wyck Brooks in which Charles Brooks discusses his ownership and the sale of *Brickyard Shed*, including any and all documents which purport to transcribe the tape.

    x.  Any and all documents which show an investigation or research done by Defendant Peter Brooks, or done on behalf of any of the named defendants, into the ownership, location, value, provenance, or history of *Brickyard Shed*;

5.  *Settlement*

Plaintiff asserts that Defendants do not have any right to or a colorable claim to ownership of *Brickyard Shed*. As such, settlement is not a possibility. Plaintiff is a good faith purchaser for value who took title to the painting free and clear of all encumbrances, therefore this Court should legally declare its rights of ownership as against the world. Plaintiff asserts that Defendants are not entitled to any relief and should immediately withdraw any and all claims to the title of *Brickyard Shed*.

In addition, the presence of Defendants' claim has caused Plaintiff to lose the opportunity to sell *Brickyard Shed* and has caused Plaintiff to incur increased damages and attorney's fees. Plaintiff will continue to incur such monetary damages when and until either: (1) Defendants formally withdraw their claim; or (2) there is a judicial declaration of Plaintiff's sole ownership of *Brickyard Shed* free and clear of all encumbrances. Accordingly, Plaintiff reserves the right to amend the Complaint in order to hold Defendants responsible for these additional damages.

Dated: September 3, 2008

        Respectfully Submitted,

        Levy Phillips & Konigsberg, LLP
        800 Third Ave. 13th Floor
        New York, NY 10022

        _____
        *Attorneys for Plaintiff*
        Stanley J. Levy, Esq.
        Theresa A. Vitello, Esq.

SO ORDERED:

_____
William H. Pauley
U.S.D.J.